IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 23-20083-SHL |
| ERICK WILLIAMS, | * | |
| Defendant. | * | |

**MOTION TO DISMISS INDICTMENT**

Defendant Erick Williams, through the undersigned, hereby moves to dismiss the indictment in this action alleging that Mr. Williams was in violation of 18 U.S.C. § 922(g)(1). Mr. Williams avers that § 922(g)(1) is facially unconstitutional, and unconstitutional as applied, under the Second Amendment requiring the Court to dismiss the indictment with prejudice.[1]

*I.     Procedure to dismiss*

A defendant may move to dismiss an indictment on the grounds that it "fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B); *United States v. Hackworth*, 483 F. App'x 972, 979 (6th Cir. 2012). In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true. *See Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952).

Mr. Williams brings this motion in light of the Supreme Court's decision in *New York*

---

[1] This motion asserts a "facial" constitutional challenge to § 922(g) and an "as applied" to Mr. Williams. *See generally Kanter v. Barr*, 919 F.3d 437, 442 (7th Cir. 2019) (providing a useful description of the difference between "facial" and "as applied" Second Amendment challenges in a § 922(g)(1) context; *see also id.* at 451 (Barrett, J., dissenting).

*State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

II.     *Facial Challenge*

*Bruen* proscribes an analysis for when one's Second Amendment right may be curtailed: (1) Does the Second Amendment's plain text cover one's conduct? If so, it is presumptively protected. If not, the regulation stands. Then, (2) if the conduct is presumptively protected, the government bears the burden of demonstrating an historical tradition of regulation. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2129-30 (2022). The government carries the heavy burden of pointing to firearm regulations that were akin to the current regulation in question. *Bruen*, 142 S. Ct. at 2131, 2138, and 2150 (emphasis added); *see also United States v. Quiroz,* 2022 WL 4352482, at *4 (W.D. Tex. 2022); *see also U.S. v. Range*, 2023 WL 3833404, at *3 (3rd Cir. 2023).

The Second Amendment provides, "the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The plain text thus applies to people like Mr. Williams. After all, the term "people" "unambiguously refers to all members of the political community, not an unspecified subset," *District of Columbia v. Heller*, 554 U.S. 570, 580 (2008), such as so-called "law-abiding" people. "[T]he people" includes "all Americans" and everyone who is "part of [the] national community." *Range*, at *4. "[U]nless the meaning of the phrase 'the people' varies from provision to provision- and the Supreme Court in Heller suggested it does not- to conclude that Range is not among 'the people' for Second Amendment purposes would exclude him from those rights as well". *Id*. (referencing the First and Fourth Amendments to the Constitution of the United States). *Id*. Felons are part of the people. Id. Possessing a firearm is the conduct proscribed protection under the Second Amendment and "the Constitution presumptively protects that conduct." *Id*. Dicta in *Heller* states that only law-

2

abiding folks are protected by the Second Amendment, and that the Sixth Circuit follows the Supreme Court dicta unless there's a reason for not doing so. *United States v. Khami*, 362 F. App'x 501, 508 (6th Cir. 2010)- yet, 'law abiding citizen' notion that is not mentioned in Justice Thomas' opinion in *Bruen*, and rebuffed by the circuit courts as clear dicta. *Range*, at 101; *Rahimi*, at 452; *Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (J. Barrett dissenting). a law-abiding restriction is a nebulous term. "The Government surely doesn't believe that someone ticketed for speeding—thus, not abiding by the law—should lose their Second Amendment rights." *United States v. Hicks*, 2023 WL 164170, at *4 (W.D. Tex. 2023) (explaining the absurd consequences that result from defining "the people" as law-abiding, responsible citizens). Regardless, it seems that even stating felons are outside of the Second Amendment's scope (they aren't) we are essentially jumping to the second prong of the *Bruen* analysis- how else would we determine who is or is not outside of the scope of the Second Amendment unless we looked to the law and history to do so? Nevertheless, many courts have taken issue with this shorthand dicta, but all have claimed it to be dicta, nonetheless. There is a clear and substantial reason for disregarding dicta in this case, as the Third and Fifth Circuits have stated. Mr. Williams is a part of the people and there is a presumption that he retains his right to keep and bear arms.

    We then proceed to part two of the analysis announced in *Bruen,* which requires "the government [to] affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127. The government carries a heavy burden to abrogate a constitutional right endowed to all Americans, as *Bruen*'s rigorous historical analysis demonstrates. *See id*. at 2138-56. *Bruen* further instructs that this standard "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding," with the *ultimate focus* on the

"public understanding of the right when the Bill of Rights was adopted in 1791." *Id.* at 2131, 2137 (emphasis added). The defense submits there is no historical tradition. Therefore, this case must be dismissed with prejudice.

III.     *Bruen as applied challenge*

However, if the Court does find that the government has proven its heavy burden on historical tradition of regulation of firearms as pertaining to felons, § 922(g)(1) is unconstitutional as it applies to Mr. Williams. The crux of the issue here is when could the legislature deny an individual their inalienable Second Amendment right?

Rebellion was the classic example of when a government could deny an individual her right to bear arms. English Common Law foments and codifies this understanding of disarming if disability of the realm is at stake.[2]

Nonetheless, there are stark differences between the American disarmament and its English and Welsh counterparts; for one, after both Shay's Rebellion and the Whiskey Rebellion, traitors were only disarmed for a certain amount of time, after such an expiration date, the rebels were allowed to rearm themselves. *Range*, 2023 WL at *7. Also, notably, Shay's Rebellion predates the ratification of the Constitution, and obviously, the Whiskey Rebellion predates the application of the Second Amendment to the States (yet still, those traitors were not permanently disarmed, and the State Constitutions allowed their, and other felons, abilities to keep and bear arms)[3]. Felons could serve in the militia, own firearms, regain their ability to have their arms

---

[2] *See* B. W. Quintrell, *The Practice and Problems of Recusant Disarming*, 1585-1641, 17 British Catholic History 2, 208 – 222 (Oct. 2016), *extract available at* https://doi.org/10.1017/S0034193200001060 (Catholics were frequently disarmed due to being perceived as a threat to the Anglican Crown).

[3] The Virginia convention proposed a bill of rights asserting "the essential and unalienable rights of the people… That the people have a right to keep and bear arms" 3 Jonathon Elliot ed., The

after being traitors to our nation.

As stated supra., one may perhaps be disarmed and deprived of one's Second Amendment if one is treasonous (albeit, history seems to suggest that would not be a permanent state). Mr. Williams is clearly not a traitor to the United States and is not attempting to overthrow our government. Mr. Williams' prior criminal history would not have resulted in the dispossession of one's Second Amendment rights during the Founding-era.  Mr. Williams could have undoubtedly served in a state Militia, owned a firearm, and his inalienable Second Amendment rights would not be abrogated as applied by 18 U.S.C. § 922(g). For, it was "the privilege of every citizen, and one of his most essential rights, to bear arms, and to resist every attack upon his liberty or property, by whomsoever made".  Roger Sherman, 14 Documentary History of the First Federal Congress 92-93 (1995).

IV.     Conclusion

WHEREFORE, for all of the foregoing reasons, Mr. Williams respectfully requests his motion to dismiss with prejudice be granted.

                                                  Respectfully Submitted,

                                                  DORIS RANDLE-HOLT
                                                  FEDERAL DEFENDER

                                                  *s/ Brian Daniel Mounce*
                                                  Assistant Federal Defender
                                                  200 Jefferson Ave., Suite 200
                                                  Memphis, TN 38103
                                                  (901) 544-3895

---

Debates in the Several State Conventions on the Adoption of the Federal Constitution, 658-59 (1836). New York, North Carolina, Vermont, Pennsylvania, Massachusetts and Rhode Island all purported nearly verbatim legislation and verbiage in their respective constitutions.  See 18 Documentary History of the Ratification of the Constitution 298, 316 (1995); Vt. Const., Ch. I, §§ 1 & 15 (1777).

## CERTIFICATE OF SERVICE

I, Brian Daniel Mounce, certify that on August 4, 2023, a true copy of the foregoing was forwarded to all counsel of record via the Court's electronic filing system.

*s/ Brian Daniel Mounce*
Assistant Federal Defender

## CERTIFICATE OF CONSULTATION

I certify that on August 4, 2023, I consulted with counsel for the government. The government opposes the motion.

*s/ Brian Daniel Mounce*
Assistant Federal Defender